**E-FILED**
Wednesday, 08 February, 2012 11:42:40 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-CR-20063 |
| ) | |
| RAMON ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on the pro se Motion to Reduce Sentence (#28) filed by Defendant, Ramon Robinson. Following this court's careful analysis, Defendant's pro se Motion (#28) is DENIED.

## BACKGROUND

The Fair Sentencing Act of 2010 (FSA), Pub.L. No. 111-220, 124 Stat. 2372 (2010), reduced the disparity between sentences related to cocaine and sentences related to cocaine base ("crack"). 124 Stat. at 2372. The FSA also contained directives requiring the Sentencing Commission to amend the Sentencing Guidelines. Id. at 2372-75. Amendment 748 to the Sentencing Guidelines, which was made effective November 1, 2010, was enacted as a means of implementing those directives. See U.S. Sentencing Guidelines Manual app. C. vol. III at 381. More specifically, Amendment 748 amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines. Id. at 374-81. On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Sentencing Guidelines. See 76 Fed. Reg. 41332-35 (July 13, 2011). Amendment 750 went into effect on November 1, 2011. U.S. Sentencing Guidelines

Manual app. C. vol. III at 398.

On November 21, 2011, this court entered an Order (#30) and allowed Defendant's counsel, the Federal Public Defender, to withdraw from this case. In his Motion to Withdraw, Defendant's counsel noted that Defendant's sentence was reduced from 248 months to 211 months based upon the 2007 retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. This court stated that Defendant's counsel had accurately assessed the situation when he concluded that, based upon the quantities of drugs Defendant was determined to be responsible for, the 2011 retroactive amendment to the Sentencing Guidelines did not change Defendant's offense level. Therefore, there was no basis for further reducing Defendant's sentence. This court allowed Defendant to proceed pro se and gave Defendant 30 days to file a pleading which either conceded that he was not eligible for a sentence reduction or explained why the 2011 retroactive amendment does in fact have the effect of lowering his sentence.

Defendant has not filed a response to this court's order and the time allowed for filing the response has passed. This court has nonetheless carefully reviewed the record in this case and analyzed whether Defendant is entitled to a reduction in his sentence.

## ANALYSIS

Federal courts are forbidden, as a general matter, to "'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685, 2690 (2011). An exception is provided for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission." 18 U.S.C. § 3582(c)(2).

In this case, Amendment 750 does not have the effect of further lowering the Guideline range that this court used to reduce Defendant's sentence based upon the 2007 amendment to the Sentencing Guidelines. Because Amendment 750 does not have the effect of lowering Defendant's sentencing guideline range, Defendant does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).

In addition, Defendant is not entitled to relief under the FSA. The Seventh Circuit Court of Appeals has held that the FSA is not retroactive. <u>United States v. Fisher</u>, 635 F.3d 336, 340 (7th Cir. 2011), <u>cert granted in</u> <u>Dorsey v. United States</u>, 132 S. Ct. 759 (2011); <u>see also</u> <u>United States v. Campbell</u>, 659 F.3d 607, 609-10 (7th Cir. 2011).

This court therefore concludes that there is no basis for reducing Defendant's sentence and his pro se Motion to Reduce Sentence (#28) must be denied.

IT IS THEREFORE ORDERED THAT Defendant's pro se Motion to Reduce Sentence (#28) is DENIED.

ENTERED this 8th day of February, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE